UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARIO FERBO MANCINI,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>Defendants. | Case No. 20-CV-2532 (ECT/DTS) |

DECLARATION OF JODY ANDERSON

I, Jody Anderson, do hereby declare and state as follows:

1. I am currently employed by the United States Department of Justice (DOJ), Federal Bureau of Prisons (BOP), as the Trust Fund Supervisor at the Federal Correctional Institution in Sandstone, Minnesota. I have been employed in this capacity since November 2020, and I was previously employed as the Trust Fund Supervisor at the Federal Prison Camp in Duluth, Minnesota. I have been employed with the Bureau of Prisons since 2005, and I was previously employed with the Bureau from 2000 to 2001.

2. As a Trust Fund Supervisor, I am knowledgeable about the operation of the Trust Fund Limited Inmate Computer System (TRULINCs) and the features available to inmates on TRULINCs terminals, including the Electronic Law Library (ELL, also known as Law Library). While the Education Department is responsible for supervising inmate use of the ELL terminals, I have familiarity with the location and general operation of the ELL terminals.

3. I have been advised FCI Sandstone inmate Mario Mancini, Register No. 11007-041, has raised allegations about his limited access to the Law Library.

1

4. TRULINCs terminals are computer terminals connected to a closed network of databases; the terminals are not connected to the internet. The TRULINCs terminals provide inmates with access to among other functions, their Commissary accounts, an informational bulletin board, their contact list, a public messaging component, and the ELL. See Excerpt of Program Statement 4500.12, Trust Fund/Deposit Manual, at 8-15, a true and correct copy of which is attached as Exhibit A to this declaration.

5. While each TRULINCs terminal is capable of hosting all services, historically at FCI Sandstone, the ELL service is only activated on terminals physically located in the Education Department. The remaining services are activated on terminals physically located in inmate housing units.

6. Due to the COVID-19 pandemic, all Bureau facilities implemented modified operations to limit inmate movement and the potential spread of COVID-19 throughout a facility. These modified operations impacted inmates' access to the ELL terminals at FCI Sandstone.

7. Effective March 30, 2020, each housing unit was allowed to visit the law library for approximately four hours a week. See FCI Sandstone Education GED/ESL Classes & Leisure/Law Library Services, a true and correct copy of which is attached as Exhibit B to this declaration.

8. On July 9, 2020, the inmates were advised of new procedures to access the ELL. Inmates had to request access the week prior to when they would like to use the ELL, and they would use the "copout," or Inmate Request to Staff, process to make the request. See Updated Procedures for the Law Library during Modified Operations, a true and correct copy of which is attached as Exhibit C to this declaration.

9. Cop-outs can be send electronically through the TRULINCs system, and they are maintained indefinitely. Attached as Exhibit D to this declaration are true and correct copies of Mancini's electronic cop-outs from January 1, 2020, through December 31, 2020.

10. Mancini submitted electronic cop-outs requesting access to the ELL on the following occasions:

   a. April 28, 2020, <u>see</u> Exhibit D at 40;

   b. April 30, 2020, <u>see</u> Exhibit D at 38;

   c. May 1, 2020, <u>see</u> Exhibit D at 37;

   d. July 7, 2020, <u>see</u> Exhibit D at 17;

   e. September 1, 2020, <u>see</u> Exhibit D at 4; and

   f. November 2, 2020, <u>see</u> Exhibit D at 3.

11. In November 2020, the ELL terminals were relocated to each housing unit due to modified operations for the COVID-19 pandemic. During this process, my Trust Fund staff and discovered the ELL service may have been activated on a TRULINCs terminal located in Mancini's housing unit for an unknown period of time prior to November 2020.

12. When an inmate logs into a TRULINCs terminal, regardless of its location in the institution, his use of the TRULINCs services is tracked. A report of an inmate's TRULINCs usage can be generated in the TRULINCs system. The inmate's use of the ELL is identified in the report as "Law Library," but details of what the inmate researched while using the ELL is not provided.

13. Attached as Exhibit E to this declaration is a true and correct copy of Mancini's TRULINCs usage from January 1, 2020, through December 31, 2020.

14. Due to the length of Mancini's TRULINCs Usage Report, I limited the report to just the "Law Library" function for the same date range. <u>See</u> Inmate Information and Controls, for Mario Mancini, Register No. 11007-041, a true and correct copy of which is attached as Exhibit F to this declaration. Every time Mancini accessed the Law Library, as identified in Exhibit E, is accounted for in Exhibit F, and the minutes spent in the Law Library service is identical between the two exhibits. However, there appears to be some discrepancies as to the log-in time between Exhibit E and F. I believe the discrepancy in log-in time may be because of slight differences in the time set on an individual TRULINCs terminal. Exhibit E would represent the Bureau's official time, and Exhibit F would represent the time on the individual terminal.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this 29 day of October, 2021

Jody Anderson
Trust Fund Supervisor
Federal Correctional Institution
Sandstone, Minnesota

5